No. 27,273.

R. W. BEATY et al., *Appellees*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF KEARNY, *Appellant*.

SYLLABUS BY THE COURT.

HIGHWAYS — *Establishing by° Order Reciting Private Donations — Enjoining Opening at Public Expense.* In the year 1918 a board of county commissioners made an order establishing a road, reciting that private donations were taken into consideration. The private donations subscribed were sufficient in amount to relieve the public of expense in opening the road, but they were never paid. *Held,* an injunction prohibiting opening of the road in 1925 at public expense was properly granted.

Appeal from Kearny district court; CHARLES E. VANCE, judge. Opinion filed June 11, 1927. Affirmed.

*C. E. Beymer,* county attorney, and *H. O. Trinkle,* of Garden City, for the appellant.

*Edgar Foster, Horace J. Foster, Wm. Easton Hutchison, Clifford R. Hope, A. M. Fleming,* all of Garden City, and *E. R. Thorpe,* of Lakin, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by residents and taxpayers of South Side township, Kearny county, to enjoin the board of county commissioners from opening a road at the expense of the township. The township was made a party, and joined in the prayer for in-

Highways, 29 C. J. p. 494 n. 36, 39 new.

junction. Injunction was granted, and the board of county commissioners appeals.

As petitioned for, the road was about 10¼ miles long, running north and south. As surveyed, it was 12.81 miles long. It extended through a hilly region of blow sand, some of the hills being 100 feet high. The necessary deviations from the proposed road, seven in number, amounted to 3.17 miles, the greatest distance from the line of the road being 900 feet, and the shortest being 150 feet. Three families live on the course of the road, and no one lives in a stretch of eight miles except those on the McAllister ranch of 5,250 acres, through which the road runs. The county engineer testified it would cost $5,000 to put the detours in passable condition, and it would not be practicable to grade the road. Other witnesses testified that, because of the nature of the ground, the expense of building and then of maintaining the road would place a burden on the taxpayers of the township which they could not sustain. The purpose of the road was to benefit residents of Grant county who desired to travel to Lakin, in Kearny county, and residents of Lakin who desired the Grant county trade. Those to be benefited subscribed money and work, so that Kearny county would be at no expense in establishing the road, and the order establishing the road reads as follows:

"The report of viewers being favorable, and the board being satisfied that said road will be of public utility, and taking into consideration the fact that business men of Lakin and residents along the line of the proposed road have agreed to donate in substantial amounts, it is hereby ordered that said road survey and plat be recorded as recommended by said report."

While the subscriptions were originally made in good faith, they were never paid and made good. The present action was commenced on November 30, 1925, and the judgment granting an injunction was rendered on June 5, 1926.

The board of county commissioners contend the order establishing the road is not subject to attack except for misconduct equivalent to fraud. It will be observed the order that the survey and plat be recorded, which operated to establish the road, was not made in view of public utility of the road. Coupled with public utility was the consideration of donations, stated to be substantial, and which were in fact equivalent to cost of opening the road. That consideration failed. A material condition to making the order was not performed, and now to substitute taxes for donations, for the purpose of effectuating the order, would be, under the circumstances,

so unjust that the conduct of the commissioners, if it must be brought within the fraud category, amounts to a constructive fraud upon the taxpayers. It is suggested the road may be opened by using money derived from the gasoline tax. The order establishing the road shows on its face that public utility was to be subserved at private expense, and the order may not now be converted into one casting the expense on the public.

The judgment of the district court is affirmed.

HUTCHISON, J., not sitting.